UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DONNA BARRAS**   CASE NO.  6:19-CV-01274

**VERSUS**   JUDGE ROBERT R. SUMMERHAYS

**ILLINOIS FARMERS INS. CO., ET AL.**   MAG. JUDGE PATRICK J. HANNA

## RULING

This lawsuit arises out of a vehicular accident that occurred on May 16, 2018. On that date, Plaintiff Donna Barras was travelling north on Pinhook Road in Lafayette, Louisiana. According to Plaintiff, Defendant Stephen Kuhn was travelling south on Pinhook Road, when "[s]uddenly and without warning, Mr. Kuhn failed to yield to the oncoming traffic and turned left into the oncoming path of the vehicle being driven by Ms. Barras." [ECF No. 43-1 at 1]. Plaintiff now moves the Court "to exclude evidence, testimony and arguments" relating to the following topics:

1. Any testimony or evidence to minimum impact of the vehicles subject to the crash; to include photos of the damage to vehicles.

2. Any testimony or evidence that relates to accident reconstruction.

3. Any testimony regarding Plaintiff's substance abuse 35 years ago.

[ECF No. 43-1 at 1-2, 9]. For the reasons that follow, the motion is GRANTED IN PART and DENIED IN PART.

**1. Exclusion of testimony or evidence relating to the minimum impact of the collision, including photographs depicting the damage to vehicles.**

Plaintiff seeks to prohibit Defendants from arguing that due to the minimal impact of the collision, Plaintiff could not have been injured. *Id.* at 2. According to Plaintiff, "the 'minimal impact equates to minimal injuries' defense has been wholly rejected in Louisiana." *Id.* (citing

*Seegers v. State Farm Mutual Ins. Co.*, 188 So. 2d 166, 167 (La. App. 2 Cir. 1966); *Davis v. Martel*, 790 So. 2d 767, (La. App. 3 Cir. July 18, 2001); *Desselle v. LaFleur*, 2003-562 (La.App. 3 Cir. 2/4/04); 865 So.2d 954; *Godchaux v. Peerless Ins. Co.*, 2013-1083, p. 8 (La.App. 3 Cir. 6/4/14); 140 So.3d 817, 824). Plaintiff further notes Defendants "have not hired an expert in accident reconstruction to testify regarding forces or impact," and thus, Plaintiff moves the Court "to limit any arguments or lay testimony that this was a minor accident, a bump, [or] a tap in light of the overwhelming evidence that Plaintiff was inured [sic] in this accident." [ECF No. 43-1 at 4].

Defendants correctly note that there is a circuit split in the Louisiana appellate courts regarding the admissibility of force-of-impact testimony to disprove causation. *Compare Pratt v. Culpepper*, 49,627 (La.App. 2 Cir. 2/27/15, 23–27); 162 So.3d 616, 628–31 and *Fussell v. Roadrunner Towing & Recovery, Inc.*, 1999-0194, p. 4 (La.App. 1 Cir. 3/31/00); 765 So.2d 373, 376, *with Godchaux v. Peerless Ins. Co.*, 2013-1083, p. 10 (La.App. 3 Cir. 6/4/14); 140 So.3d 817, 825 and *Davis v. Martel*, 2000-1727 (La.App. 3 Cir. 7/18/01, 7–8); 790 So.2d 767, 772; *see also Blair v. Coney*, 2019-00795, p. 11 & n.10 (La. 4/3/20); 298 So.3d 168. Defendants additionally argue the "severity of the impact is clearly a relevant factor to be considered by the jury," and Plaintiff will suffer no undue prejudice with regard to such testimony. [ECF No. 44 at 4].

The Court need not resolve this split of authority for two reasons. First, the Federal Rules of Evidence govern the admissibility of evidence in diversity cases. Fed. R. Evid. 1101; *Reed v. Gen. Motors Corp.*, 773 F.2d 660, 663 (5th Cir. 1985). Second, in this matter, Defendants have not identified any lay or expert witnesses in the Joint Pretrial Order who would be competent to testify as to force-of-impact.[1] Typically, such testimony is presented through an expert in biomechanical engineering, accident reconstruct, occupant kinematics, or related fields. The only

---

[1] In accordance with the scheduling order, Plaintiff's motion in limine was filed prior to submission of the Joint Pretrial Order.

expert witness identified by Defendants in the pretrial order is Dr. John Budden, Defendants' independent medical examiner and an orthopedic surgeon. Dr. Budden opines that to the extent Plaintiff's complaints are "legitimate" and due to the motor vehicle accident sued upon, it is "more likely than not that she simply aggravated the pre-existing degenerative changes associated with the lumbar spine." [ECF No. 36-1 at 13]. Dr. Budden's expert report does not opine on force-of-impact, and therefore to the extent Dr. Budden intends to testify with regard to any correlation between the low impact of the collision or minimal property damage and the injuries suffered by Plaintiff, such testimony will be excluded at trial. [ECF No. 36-1 at 1-13].

Likewise, Defendants do not identify any lay witnesses in the pretrial order (or even their opposition memorandum) who would appear to be competent to present testimony regarding force-of-impact.[2] While lay witnesses are not permitted to testify as to causation, they are at times qualified to render opinions regarding force-of-impact and/or the extent of damage to a vehicle based upon personal observations. Fed. R. Evid. 701; *see also Merrells v. State Farm Mut. Auto. Ins. Co.*, 33,404, p. 4 (La.App. 2 Cir. 6/21/00); 764 So.2d 1182, 1184 (defendant's property damage estimator, who had sixteen years of experience in automobile collision repair and had attended several GM and Chrysler schools to learn collision theory, could testify regarding the "force of impact" and "the damage to the bumper" of a vehicle in the underlying car accident based upon his personal observations and knowledge concerning the bumper's normal response at impact); *Ambrose v. State Farm Mut. Auto. Ins. Co.*, CV 20-1011, 2021 WL 2284299, at *3 (E.D.

---

[2] The Court notes the following statement in Defendants' opposition: "Furthermore, the argument plaintiff makes that the defendants have no expert witness to testify to this is belied by a simple review of the aforementioned cases wherein estimators and appraisers have been permitted to testify about these issues." [ECF No. 44 at 4]. While the Court recognizes the caselaw permitting estimators and appraisers to provide lay opinion testimony pursuant to Fed. R. Evid. 701, *see e.g. Merrells v. State Farm Mut. Auto. Ins. Co.*, 33,404 (La.App. 2 Cir. 6/21/00, 1–4); 764 So.2d 1182, 1183–85; *Ambrose v. State Farm Mut. Auto. Ins. Co.*, CV 20-1011, 2021 WL 2284299, at *3 (E.D. La. June 4, 2021), Defendants in this matter have not identified any "estimators" or "appraisers" in their witness list.

Page 3 of 7

La. June 4, 2021) (Defendant's repair estimator would be permitted to testify "with respect to the force of impact and the extent of damage to the vehicle based on his personal observations of the damaged vehicle," but not as to "any correlation between the low impact of the collision or amount of property damage and the extent of Plaintiffs' injuries."). In this matter, Defendants have not identified any lay witnesses in the pretrial order who have similar experience as those addressed in the foregoing cases. As the deadline for disclosure of such witnesses has passed, any such testimony will not be permitted at trial. *See* Fed. R. Civ. P. 26(a)(3)(A) & (B).

With regard to Plaintiff's request to exclude "photos of the damage to vehicles," the Court notes Plaintiff makes no substantive argument in support of the motion and has therefore waived this argument. Failure to brief an argument constitutes a waiver of the argument. *See e.g. JMCB, LLC v. Bd. of Commerce & Indus.,* 336 F.Supp.3d 620, 634 (M.D. La.2018); *U.S. ex rel. Wuestenhoefer v. Jefferson*, 105 F.Supp.3d 641, 672 (N.D. Miss.2015); *Rollins v. Home Depot USA*, 20-50736, 2021 WL 3486465, at *3 (5th Cir. Aug. 9, 2021). Nevertheless, the Court further notes Defendants have not listed any photographs in the Joint Pretrial Order. As the deadline for inclusion of such exhibits has now passed, any photographs will be excluded at trial, unless used solely for impeachment. Fed. R. Civ. P. 26(a)(3)(A) & (B).

**2.   Exclusion of testimony and evidence relating to accident reconstruction.**

Plaintiff seeks a ruling in limine prohibiting Defendants from offering opinion testimony or evidence (including "photographs of the vehicles, position of the damage to the vehicles, speed of vehicle, position of vehicles") relating to "the cause of plaintiff's injuries and/or the mechanics or bio-mechanical forces involved in the collision."[3] [ECF No. 43-1 at 4, 9]. In support, Plaintiff notes Defendants have not disclosed any expert witnesses in the fields of accident reconstruction,

---

[3] The Court addresses "causation" evidence only as it relates to accident reconstruction.

mechanical engineering or biomechanics and the deadline for disclosure of same has passed. *Id.* Plaintiff further argues that she anticipates Defendants "will attempt to have the lay witnesses testify about the damage to the vehicles, that the force of the collision was minor, and that therefore the collision did not cause plaintiff's injuries." *Id.* at 5. Plaintiff acknowledges the exception set forth in Fed. R. Evid. 701 to the general rule that a lay witness may not provide opinion testimony[4], but contends that in this matter, "observed damage to the vehicles involved in the collision does not lead to any natural inference about the cause of the collision or the injuries sustained by plaintiff." *Id.* at 6, 7. Defendant responds that "location and extent of the damage on the vehicles is clearly a relevant factor to be considered by the jury, as is the location of the vehicles after impact." [ECF No. 44 at 6]. Defendants additionally contend such testimony from lay witnesses is admissible if based upon personal observation. *Id.*

The Court agrees with Defendants. To the extent such testimony is based upon personal observation by a fact witness, it will likely be deemed relevant and admissible. However, to the extent the witnesses intend to testify as to causation, such testimony will likely be excluded.

---

[4] Rule 701 provides as follows:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

3.        **Exclusion of testimony regarding Plaintiff's substance abuse 35 years ago.**

According to counsel for Plaintiff, thirty-five years ago Plaintiff had a substance abuse issue, and for the last thirty-five years, Plaintiff has worked as a substance abuse counselor. [ECF No. 43 at 9]. Plaintiff therefore asks that the Court exclude any testimony or evidence relating to Plaintiff's prior substance abuse issue, arguing such evidence is irrelevant. *Id.* Defendants respond that Plaintiff's "extensive accident history and pharmaceutical records will force a jury to question whether her many falls and accidents are just a way for the plaintiff to obtain narcotic medication," and such evidence will additionally be used to impeach Plaintiff's contention that she has been sober for thirty-five years. [ECF No. 44 at 7]. According to Defendants, the records will show that Plaintiff "was regularly prescribed large narcotic pain medication in the years leading up to the subject accident," and at the time of the accident, "plaintiff had been prescribed Adderall, Acetaminophen, Albuterol, Dextroamphetamine, Atorvastin, Hydrocodone, Trazadone and Xanax for long-standing pre-existing injuries and conditions." *Id.* at 8. Defendants contend the foregoing medications "may have contributed to her reaction time and failure to see Mr. Kuhn's vehicle, even though she had ample opportunity to do so." *Id.* Finally, Defendants contend "Plaintiff also exhibited drug-seeking behavior after the accident at issue in this case." *Id.* Therefore, Defendants contend such information "is clearly relevant to causation and damages in this case." *Id.* In reply, Plaintiff asserts that there is no direct evidence that she has a current substance abuse problem, and that all of her medications are prescribed and taken as directed. [ECFR No. 45 at 5]. She further asserts that the probative value of such evidence is substantially outweighed by the prejudice this evidence would create. *Id.*

The Court finds evidence of the use of controlled substances on any day other than the day of the accident is irrelevant to this accident and is therefore inadmissible. To the extent Defendants have evidence of the use of controlled substances on the day of the accident (prior to the occurrence of the accident), they will have to show Plaintiff was impaired by the substance(s) before the Court will permit its admission. *See e.g. Fontenot v. Rakin*, 1:14-CV-3154, 2017 WL 710955, at *3 (W.D. La. Feb. 21, 2017).

For the reasons set forth above, Plaintiff's Motion in Limine [ECF No. 43] is GRANTED IN PART and DENIED IN PART.

THUS DONE in Chambers on this 23rd of August, 2021.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE